IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES GEORGE STAMOS, JR., | No. C-13-6012 TEH (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| RANDY GROUNDS, Warden, | Doc. no. 8 |
| Defendant. | |

Plaintiff James George Stamos, Jr., an inmate at California State Prison-Corcoran (CSP-COR), filed a pro se civil rights action under 42 U.S.C. § 1983 against Defendant Randy Grounds, Warden of Salinas Valley State Prison (SVSP), where Plaintiff was previously incarcerated. Plaintiff moves to proceed in forma pauperis (IFP) and moves for removal from the Security Housing Unit (SHU). Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend and denies the motion for removal from the SHU.

DISCUSSION

I

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and

dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  <u>Lemire v. California Dept. Corrections & Rehabilitation</u>, 726 F.3d 1062, 1074 (9th Cir. 2013); <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  <u>Leer</u>, 844 F.2d at 633.  Under no circumstances is there respondeat superior liability under § 1983.  <u>Lemire</u>, 726 F.3d at 1074.  Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. This includes allegations that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

## II

### A

In his complaint, Plaintiff alleges that, on February 22, 2013, SVSP Officers Cermeno and Dorivan falsified reports that accused Plaintiff of battery with a weapon. On March 31, 2013, Plaintiff had a disciplinary hearing presided over by Lt. Ruiz where Plaintiff was unlawfully denied witnesses, the opportunity to present evidence and the opportunity to change his statement. Plaintiff was found guilty and sent to the SHU. Plaintiff appealed, but never received a reply.

### B

Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause

3

itself and laws of the states. <u>Meachum v. Fano</u>, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995) (citing <u>Vitek v. Jones</u>, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and <u>Washington v. Harper</u>, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). A state may not impose such changes without complying with minimum requirements of procedural due process. <u>Id.</u> at 484.

      Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." <u>Id</u>. at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," <u>id.</u> at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," <u>id.</u> at 487.

      Typically, placement in segregated housing in and of itself does not implicate a protected liberty interest. <u>Serrano v. Francis</u>, 345 F.3d 1071, 1078 (9th Cir. 2003); <u>see, e.g.</u>, <u>Sandin</u>, 515 U.S. at 485-86 (inmate's thirty-day placement in disciplinary

4

segregation, where conditions mirrored conditions imposed upon inmates in administrative segregation and protective custody, did not result in type of atypical, significant deprivation for which state might create liberty interest; nor did situation present case where state's action would inevitably affect duration of sentence); Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (despite prior case law determining disciplinary regulations created liberty interest, under Sandin no liberty interest when inmate placed in disciplinary segregation for 14 days). However, the circumstances of a particular case may sometimes result in segregation working an atypical and significant hardship on an inmate so that it does implicate a protected liberty interest. See, e.g., Wilkinson v. Austin, 545 U.S. 209, 223-25 (2005) (indefinite placement in Ohio's "supermax" facility, where inmates are not eligible for parole consideration, imposes an "atypical and significant hardship within the correctional context").

    Wolff v. McDonnell, 418 U.S. 539 (1974) established several procedural requirements for disciplinary hearings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. Fourth, "the inmate facing disciplinary proceedings should be

allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566; see also Bartholomew v. Watson, 665 F.2d 915, 917-18 (9th Cir. 1982) (right to call witnesses is basic to fair hearing and decisions to preclude should be on case by case analysis of potential hazards of calling particular person).

The fact that a prisoner may have been innocent of disciplinary charges brought against him, however, does not give rise to a constitutional claim. The Constitution demands due process in prison disciplinary procedures, not error-free decision-making. Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); Gorham v. Hedgpeth, 2013 WL 530904, *2 (N.D. Cal. 2013).

C

Plaintiff's complaint fails to state a cognizable due process claim for several reasons. First, as indicated above, placement in the SHU itself does not implicate a protected liberty interest. Second, the fact that false charges were brought against Plaintiff also does not state a constitutional claim.

On the other hand, Plaintiff's allegations that he was not allowed to present witnesses or to present evidence may state a cognizable due process violation. However, as alleged in his complaint, this claim fails as well because Plaintiff only sues Warden Grounds, against whom he makes no allegations. As indicated above, there is no respondeat superior liability under § 1983. Therefore, to state a claim against Warden Grounds, or against any individual, Plaintiff must allege the conduct of each individual

6

that violated his constitutional rights.

Therefore, Plaintiff's due process claim against Warden Grounds is dismissed with leave to amend to remedy this deficiency, if he truthfully can do so.  Alternately, in an amended complaint, Plaintiff may dismiss Warden Grounds and name other individuals who violated his due process rights.

### III

Plaintiff moves to be released from the SHU because he has been placed there illegally.  As discussed above, in his complaint, Plaintiff has failed to allege a cognizable due process claim for placement in the SHU.  If Plaintiff amends his complaint to remedy the noted deficiencies, his complaint will be served and his claim will be adjudicated at that time.  Therefore, Plaintiff's motion for release from the SHU is denied.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's complaint is dismissed with leave to amend.

2. Plaintiff' motion for release from the SHU is denied. Doc. no. 8.

3. If Plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within twenty-eight days from the date this order is filed.  The amended complaint must include the caption and civil case number used in this order (C 13-6012 TEH (PR)) and the words AMENDED COMPLAINT on the first page.

The amended complaint must indicate which specific, named Defendant(s) was involved in the deprivation of Plaintiff's due

7

process rights and what each Defendant did that violated Plaintiff's due process rights.

Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint within twenty-eight days and in accordance with this Order will result in a finding that further leave to amend would be futile, and the complaint will be dismissed.

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. This Order terminates docket number 8.

IT IS SO ORDERED.

DATED  *04/03/2014*  _____
                     THELTON E. HENDERSON
                     United States District Judge

G:\PRO-SE\TEH\CR.13\Stamosv Grounds12-6012 DWLA..wpd

8