**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES GEORGE STAMOS, JR.,                    No. C-13-6012 TEH (PR)

          Plaintiff,                    ORDER OF DISMISSAL

      v.

RANDY GROUNDS, et al.,

          Defendants.

_____/

      Plaintiff James George Stamos, Jr., an inmate at California State Prison-Corcoran (CSP-COR), has filed a pro se complaint under 42 U.S.C. § 1983 against staff at Salinas Valley State Prison (SVSP), where Plaintiff was previously incarcerated. Plaintiff alleges that he was denied procedural due process at a disciplinary hearing arising from charges that he committed battery on a peace officer at SVSP.  Plaintiff has not exhausted California's prison administrative process, however.

      The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted."  42 U.S.C. § 1997e(a).  Under this
section, an action must be dismissed unless the prisoner exhausted
his available administrative remedies before he filed suit.  <u>See</u>
<u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002).  "[T]he
PLRA's exhaustion requirement applies to all inmate suits about
prison life, whether they involve general circumstances or
particular episodes, and whether they allege excessive force or some
other wrong."  <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).
Exhaustion of all "available" remedies is mandatory; those remedies
need not meet federal standards, nor must they be "plain, speedy and
effective."  <u>Id.</u> at 524; <u>Booth v. Churner</u>, 532 U.S. 731, 739-40 &
n.5 (2001).  Even when the prisoner seeks relief not available in
grievance proceedings, notably money damages, exhaustion is a
prerequisite to suit.  <u>Id.</u> at 741.  PLRA's exhaustion requirement
requires "proper exhaustion" of available administrative remedies.
<u>Woodford v. Ngo</u>, 548 U.S. 81, 94 (2006).  The purposes of the
exhaustion requirement include allowing the prison or jail to take
responsive action, filtering out frivolous cases and creating an
administrative record.  <u>See</u> <u>Porter</u>, 534 U.S. at 525.

        The State of California provides its prisoners the right
to appeal administratively "any policy, decision, action, condition,
or omission by the [CDCR] or its staff that the inmate . . . can
demonstrate as having a material adverse effect upon his or her
health, safety, or welfare." 15 C.C.R. § 3084.1(a).  In order to
exhaust available administrative remedies within this system, a
prisoner must proceed through several levels of appeal: (1) informal
review, submitted on a CDC 602 inmate appeal form; (2) first formal

2

United States District Court
For the Northern District of California

1  level appeal, to an institution appeals coordinator; (3) second

2  formal level appeal, to the institution warden; and (4) third formal

3  level appeal, to the Director of the CDCR.  See 15 C.C.R. § 3084.7;

4  Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009).  A final

5  decision from the Director's level of review satisfies the

6  exhaustion requirement under § 1997e(a).  Harvey v. Jordan, 605 F.3d

7  681, 683 (9th Cir. 2010).

8         Typically, a defendant must produce evidence proving

9  failure to exhaust in a motion for summary judgment under Federal

10 Rule of Civil Procedure 56.  Albino v. Baca, 747 F.3d 1162, 1166

11 (9th Cir. 2014).  However, a complaint may be dismissed by the court

12 for failure to exhaust if a prisoner "conce[des] to nonexhaustion"

13 and "no exception to exhaustion applies." Wyatt v. Terhune, 315

14 F.3d 1108, 1120 (9th Cir. 2003) (overruled on other grounds by

15 Albino, supra).

16        Here, Plaintiff concedes he did not exhaust available

17 administrative remedies through the Director's level of review

18 before filing suit.  Specifically, Plaintiff states that he filed an

19 appeal at the Director's level on January 16, 2014 but that the

20 appeal remains pending.  (Amended Compl. at 2.)  Plaintiff claims

21 that exhaustion should not be required because the appeal system is

22 inadequate.  (See id.)  Not so.  See Booth, 532 U.S. at 741 n.6

23 (courts should not read "futility or other exceptions" into section

24 1997e(a)).

25        Accordingly, the complaint is DISMISSED without prejudice

26 to refiling after exhausting California's prison administrative

27 process.  See McKinney, 311 F.3d at 1199-1201.  If Plaintiff has not

28

3

1   received a Director's level decision by January 1, 2015, he may move

2   to reopen this action.

3          The Clerk shall terminate all pending motions, enter

4   judgment, and close the file.

5

6          IT IS SO ORDERED.

7

8   DATED      _07/21/2014_

9                                          THELTON E. HENDERSON
                                           United States District Judge

10

11

12

13

14

15

16

17   G:\PRO-SE\TEH\CR.13\Stamosv Grounds13-6012 Dismiss.wpd

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**4**